UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES D. SILVER, as Receiver for:
Nexstar Communications, LLC;  TMT Equipment
Company, LLC;  TMT Management Group, LLC;
Posa, LLC;  Popsa TMT, LLC; Televest
Communications, LLC;  Televest Group, LLC;
Spin Drift, LLC,

         Plaintiff,

-vs-                                   Case No. 6:06-cv-290-Orl-19DAB

EDWARD S. DIGGES, JR.,  KATHERINE KERR,
KBK PARTNERSHIP, LLP, a/k/a  KBK, LOUIS
CHRISTIAN HAUG, K. BRIGID PETERSON
f/k/a K. Brigid McGonnigal, J. BRUCE
MCGONNIGAL, K. BRETT MCGONNIGAL,
RICHARD F. MCGONNIGAL, CHILHAM, LLC.

         Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.    Motion To Dismiss For Failure To State A Claim On Which Relief May Be Granted of Defendant Richard F. McGonnigal (Doc. No. 27, filed June 14, 2006); and

2.    Response To Defendant's Motion To Dismiss of Plaintiff James D. Silver (Doc. No. 51, filed June 28, 2006).

### Background

Plaintiff James Silver, acting as receiver for Nexstar Communications, LLC, TMT Equipment Company, LLC, TMT Management Group, LLC, POSA, LLC, POSA TMT, LLC, Televest Communications, LLC, Televest Group, LLC, and Spin Drift, LLC (collectively, "the Receiver Estate"), brought this action against Defendants Edward S. Digges, Katherine

Kerr, KBK Partnership, LLP, Louis Christian Haug, K. Brigid Peterson, J. Bruce McGonnigal, K. Brett McGonnigal, Richard F. McGonnigal, and Chilham, LLC. (Doc. No. 13, filed April 28, 2006, hereinafter "Amended Complaint"). Plaintiff alleges in the Amended Complaint that Defendants either participated in or had knowledge of a scheme to misappropriate funds from investors in "point-of-sale" credit card terminals. (*See id.* at ¶¶ 3-6, 11-19, 27-30). The Amended Complaint contends that Defendants Edward S. Digges, Katherine Kerr, KBK Partnership, LLP, Louis Christian Haug, K. Brigid Peterson, J. Bruce McGonnigal, K. Brett McGonnigal, Richard F. McGonnigal, and Chilham, LLC each fraudulently received specified amounts of investor funds from the Receiver Estate. (*Id.* at ¶ 31).

In the Amended Complaint, Plaintiff seeks a monetary judgment against Defendants in Count I for fraudulent transfer, for conversion in Count II, and for unjust enrichment in Count III. (*Id.* at ¶¶ 34-52). Plaintiff also asks the Court to impose a constructive trust upon all investor-related funds held by Defendants in Count IV and to impose an equitable lien on all of Defendant's real and personal property which was purchased with investor funds. (*Id.* at ¶¶ 53-65). In addition, Plaintiff contends that Defendant Chilham, LLC aided and abetted the alleged fraud by serving as the conduit for the transfer of investor funds. (*Id.* at 66-70).

**Applicable Standard**

The Court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (internal quotation omitted). In considering a motion to dismiss, the court is generally confined to

examining the four corners of the pleadings. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 n.8 (11th Cir. 1999) (discussing when a motion to dismiss can be construed as a motion for summary judgment). Because the Federal Rules of Civil Procedure establish a liberal system of notice pleading, a complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting FED. R. CIV. P. 8(a)(2)). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Accordingly, the threshold for a complaint to survive a motion to dismiss for failure to state a claim is "exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).

**Analysis**

Defendant Richard McGonnigal seeks to dismiss Count II through Count V of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

*Count II: Conversion*

Defendant Richard McGonnigal contends that allegations of the Amended Complaint fail satisfy the requirements of a claim of conversion. (Doc. No. 4, p. 4). In Florida, a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time. *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1291 (11th Cir. 2001). Thus, Plaintiff must merely allege that Defendant Richard McGonnigal "deprived" the Receiver Estate of its property by means of an "unauthorized act."

The Amended Complaint avers that Defendant Richard McGonnigal received over $1666,000.00 in diverted and misappropriated investor funds from the Receiver Estate.

(Doc. No. 13, ¶¶ 27-32, 43). In addition, the Amended Complaint asserts that Defendant Richard McGonnigal "wrongfully exercised dominion and control over [the investor funds], to the detriment of . . . the Receiver Estate's and/or investors' ownership rights." (*Id.* at ¶ 44; *see also id.* at ¶ 36). These allegations identify specific investor funds that were transferred to Defendant Richard McGonnigal, establish that the Receiver Estate possesses an ownership interest in those funds, and assert that Defendant Richard McGonnigal engaged in an unauthorized act by maintaining dominion and control over such funds.

Thus, the allegations of the Amended Complaint satisfy the requirements of a claim for conversion under Florida law.

### *Count III: Unjust Enrichment*

Defendant Richard McGonnigal asserts that the Amended Complaint does not alleged a wrongful act and fails to aver the alleged underlying fraud with the required particularity. (Doc. No. 27, pp. 4-5). Plaintiff argues in response that the Amended Complaint properly pleads all of the elements of unjust enrichment under Florida law, and as a claim for unjust enrichment is based not in fraud but "in common law principles of equity," this claim is not of the type that requires particularized pleading under the Federal Rules of Civil Procedure. (Doc. No. 51, pp. 4-5).

In Florida, the essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon Defendant by Plaintiff, (2) Defendant's appreciation of the benefit, and (3) Defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. *See Swindell v. Crowson*, 712 So. 2d 1162, 1163 (Fla. Dist. Ct. App. 1998). Plaintiff avers that Defendant Richard

McGonnigal received over $166,000.00 from the Receiver Estate (Doc. No. 13, ¶ 31), that such funds were voluntarily accepted and retained by Defendant Richard McGonnigal (*id.*, ¶ 49), and that such funds were wrongfully and unjustifiably transferred by the Receiver Estates and retained by Defendant Richard McGonnigal (*id.*, ¶¶ 49-51). Such allegations sufficiently plead the elements of this claim.

Moreover, the Court is unaware of any authority imposing a heightened pleading requirement for claims of unjust enrichment. While Federal Rule of Civil Procedure 9(b) requires that all averments of fraud be stated with particularity, the instant claim does not contain any allegations of fraudulent conduct apart from the main fraud allegedly perpetrated by Defendant Edward S. Digges. The "wrongful" transfer and retention of the funds by Defendant Richard McGonnigal that is alleged in the Amended Complaint is boilerplate language flowing from the historic practice of describing this *contract*-based claim using terms usually sown by courts sitting in equity.[1] *See Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1060 (Fla. Dist. Ct. App. 2006); *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 390 (Fla. Dist. Ct. App. 1997) (en banc) (hereinafter "*Commerce*"). The Court in *Challenge Air Transp., Inc. v. Transportes Aereos Nacionales, S.A.*, 520 So. 2d 323, 324-25 (Fla. Dist. Ct. App. 1988), uses the term "wrongful" in this manner. In that case, the Court stated:

> An action for "unjust enrichment" exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity.

---

[1] In Florida, claims for "unjust enrichment," "quasi-contract," "restitution," constructive contract," and "quantum merit" are all contracts implied at law and are derived from the action of assumpsit, which is an action at law. *Della Ratta*, 927 So. 2d at 1060 n.2; *Commerce*, 695 So. 2d at 386, 390.

*Id.* This language does not change the nature of the claim but is used in the sense of "fairness" to describe the quality which makes an enrichment unfair. *Commerce*, 695 So. 2d at 390. The allegations of the Amended Complaint are consistent with this practice.

### *Count IV: Constructive Trust*

Defendant Richard McGonnigal contends that the Amended Complaint fails to allege facts supporting any of the elements for a constructive trust under Florida law.[2] (Doc. No. 27, pp. 5-6). Plaintiff argues in response that allegations of a confidential relationship is not necessary under Florida law and that this claim was properly pled in the alternative. (Doc. No. 51, pp. 5-6).

First, Plaintiff is correct that Count IV was properly pled in the alternative. Federal Rule of Civil Procedure 8 states in part:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.

FED. R. CIV. P. 8(e)(2). A claim seeking the imposition of a constructive trust is not a traditional cause of action, but rather it is more accurately described as an equitable remedy that must be pleaded and proven. *See Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. Dist. Ct. App. 2005); *Martin v. Martin*, 787 So. 2d 951, 952 (Fla. Dist. Ct. App. 2001). While it is true that equitable relief is not proper where there is an adequate remedy at law, the Court is aware of no authority either from Florida or federal courts that requires an

---

[2] Defendant's argument that no specific funds were identified in the Amended Complaint is without merit. (*See* Doc. No. 13, ¶ 31).

allegation that no adequate remedy at law exists to properly seek a constrictive trust.[3] The plain implication of the alternative remedies requested in the Amended Complaint is that Plaintiff is seeking damages at law and, should those damages prove inadequate, also seeking a constructive trust on traceable investor funds. The liberal pleading standards of the Federal Rules of Civil Procedure require nothing more. *See Adelphia Cable partners, inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999).

Second, although a number of Florida appellate courts have stated that a "confidential relationship" is a necessary element of a constructive trust,[4] the Florida Supreme Court considers the breach of a confidential relationship as but one of several circumstances in which the imposition of a constructive trust is equitable and just. *See Wadlington v. Edwards*, 92 So. 2d 629, 631 (Fla. 1957). In *Wadlington*, the Court described the trust as " 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of [1] fraud, [2] undue influence, [3] abuse of confidence <u>or</u> [4] mistake in the transaction that originates the problem." *Id.* (enumeration and emphasis added); *see also In re Tolbin*, 622 So. 2d 988, 990-91 (Fla. 1993); *Quinn v. Phipps*, 113 So. 419, 422 (Fla. 1927). The Amended Complaint contains detailed allegations of fraud.

---

[3] The *dicta* in *Bender* and *Tronzo* cited by Defendant Richard McGonnigal merely stands for the proposition that the constructive trust remedy should not be *imposed* where there is an adequate remedy at law. *See Bender v. CenTrust Mortgage Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995); *see also Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1161 n.4 (Fed. Cir. 1998).

[4] *See, e.g.*, *Abele v. Sawyer*, 747 So. 2d 415, 416 (Fla. Dist. Ct. App. 1999).

Even if a confidential relationship is required under Florida law, such relationship was alleged in the Amended Complaint. Count IV of the Amended Complaint avers that Defendant Edward S. Digges converted the funds of the Receiver Estate, which he allegedly controlled, for his own use and for the use of his wife, other family members and Defendant Richard McGonnigal. (Doc. No. 13, ¶¶ 3, 30, 31, 56). These allegations fall comfortably within the broad definition of "confidential relationship" under Florida law. *See Quinn*, 113 So. at 422 (Fla. 1927) ("The origin of the confidence is immaterial, and the relation may be legal, moral, social, domestic, or persona."). It is of no moment that the Amended Complaint fails to allege that Defendant Richard McGonnigal is in a "confidential relationship" with the Receiver Estate because he allegedly received funds from someone who did have such a relationship. *See Holmes v. Holmes*, 436 So. 2d 578, 580 (Fla. 1985).

### *Count V: Equitable Lien*

Defendant Richard McGonnigal asserts that this Count must be dismissed because there are no allegations that he undertook any misconduct, fraud, or wrongdoing. (Doc. No. 27, p. 6). Plaintiff correctly contends that such allegations are not required. (Doc. No. 51, pp. 6-7).

Under Florida law, equitable circumstances other than fraud or misrepresentation, including the prevention of unjust enrichment, are proper grounds for imposing equitable liens. *Spridgeon v. Spridgeon*, 779 So. 2d 501, 502 (Fla. Dist. Ct. App. 2000). The Amended Complaint alleges that Defendant Richard McGonnigal has received and retained funds from the Receiver Estate and, by so doing, has been unjustly enriched. (Doc. No. 13, ¶¶ 61-63). Thus, Defendant's argument is without merit.

**Conclusion**

Based on the foregoing, the Court **DENIES** the Motion to Dismiss (Doc. No. 27) of Defendant Richard F. McGonnigal.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 16th__, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record